IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KINGFLY SPIRITS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-409 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BLAKE RAGGHIANTI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Klett's Motion to Remand (Doc. 6) will be granted. Kingfly, as a plaintiff, cannot remove its own case to federal court. Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972) ("[the] removal statutes confine the right of removal from a state court to a federal district court to a defendant or defendants," and "[n]o right [of removal] exists in favor of a person who, as plaintiff, has filed an action in the state court") (citation to quoted sources omitted).

This aside, the same jurisdictional and timeliness issues addressed in the order of remand in Civil Action No. 22-86E, filed contemporaneously herewith, present as well. Those analyses are incorporated by reference.

In 22-86E, the Court reminded, and expressly cautioned, Kingfly's counsel regarding the mandates in Federal Rule of Civil Procedure 11. The Court is becoming increasingly concerned that counsel's positions appear to reflect fundamental misunderstandings regarding federal subject matter jurisdiction, the removal process and litigating in federal court more generally. *Cf.* text order dated Apr. 13, 2022, Doc. 28 in Civil Action No. 22-50E (denying Kingfly's "Emergency Motion for Temporary and Permanent Protective Order," because counsel provided

"no legal authority in support of its requests, including its proposition that the Court properly may grant an . . . ex parte request to seize disputed property").

Counsel, again, is cautioned that his "legal contentions [must be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Counsel is placed on notice, moreover, that a continued failure to properly analyze and support legal contentions presented to the Court may result in the imposition of sanctions.

Consistent with the foregoing, Defendant Klett's Motion to Remand (**Doc. 6**) is **GRANTED**, and this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Allegheny County, Pennsylvania (GD 20-002719).

IT IS SO ORDERED.


November 14, 2022                                         s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge


cc (via ECF email notification):

All Counsel of Record